UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAMEKA BISHOP,　　　　　　　　　　Case No.: 17-10505

　　　Plaintiff,　　　　　　　　　　　　　Robert H. Cleland
v.　　　　　　　　　　　　　　　　　　United States District Judge

TIDEWATER FINANCE CO.,　　　　　　　Stephanie Dawkins Davis
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 20) AND DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT (Dkt. 22)</u>**

**I.　　PROCEDURAL HISTORY**

Plaintiff brought this action *pro se* under 15 U.S.C. § 1681s-2, the Fair Credit Reporting Act.  (Dkt. 1).  Defendant timely removed the case to the United States District Court for the Eastern District of Michigan on February 16, 2017.  (Dkt. 1).  District Judge Robert H. Cleland granted defendant's motion for a more definite statement (Dkt. 3), and plaintiff filed an amended complaint on April 20, 2017.  (Dkt. 6).  On October 19, 2017, plaintiff filed her motion for summary judgment.  (Dkt. 20).  Defendant responded.  (Dkt. 23).  On November 13, 2017, defendant filed its motion for summary judgment.  (Dkt. 22).  Pursuant to an Order

of the Court, plaintiff responded (Dkt. 26), and defendant replied (Dkt. 27). Judge Cleland referred the motions to the undersigned on July 23, 2018. (Dkt. 24).

## II. FACTUAL BACKGROUND AND PARTIES' ARGUMENTS

### A. Plaintiff's Motion for Summary Judgment (Dkt. 20)

Plaintiff claims that defendant violated the Fair Credit Reporting Act ("FCRA").[1] Plaintiff states that she disputed an alleged balance of $3,350 owed to defendant on November 11, 2016. (Dkt. 20, at p. 3, Exhibit A – Dispute to defendant). Defendant responded with a letter and attached an account detail, which stated the ending balance was $3,262.96 as of November 30, 2016. (*Id.*, Exhibit B – Defendant's November 30, 2016 response). Credit reports from TransUnion, Equifax, and Experian showed that defendant reported a balance due of $4,320 as of November 2016. (*Id.*, Exhibit D). In another account detail sent to plaintiff, she states the balance due as of November 2016 was recorded as $3,438.70. However, this document reflects a November 2016 balance of $3,262.96, and on the next page the document shows the balance as $3,409.41.[2] (*Id.*, Exhibit C – Account Detail). Because of the differing information and

---

[1] Plaintiff often refers to section 623 and 15 U.S.C. § 1681s-2 in her complaint and motion for summary judgment. Section 623 of FCRA was codified at 15 U.S.C. § 1681 *et seq.* The subsection references are identical between the FCRA and Title 15.

[2] The second balance due, $3,409.41, appears to reflect the balance due including accrued late charges that had accrued. (*See* Ex. C).

2

plaintiff's disputes, plaintiff states that defendant had actual knowledge of the errors and yet continued to furnish the inaccurate information. (*Id.* at p. 4).

Plaintiff contends that defendant's failure to correct the information with the credit report agencies ("CRAs") constituted violations of § 1681s-2(a) and (b). She alleges that rather than correcting the information, defendant continued to report the disputed information to the CRAs in violation of 15 U.S.C. § 1681s-2(a)(1)(B). (*Id.* at p. 5). Plaintiff states that defendant also did not give notice of the disputes to any CRA, in violation of subsection (a)(3), and violated subsection (a)(7) by not giving notice to plaintiff of furnishing negative information published on credit reports. (*Id.* at p. 5-7). Additionally, plaintiff asserts that defendant violated subsection (a)(8)(E) because it did not report the results of the investigation of the disputed information "after defendant found that information to be inaccurate." (*Id.* at p. 8-9). Defendant did not furnish any corrected information to CRAs. According to plaintiff, defendant did not report the results of the dispute investigation to any CRA in violation of (b)(1)(C), (D), and (E). (*Id.* at p. 10-11).

Plaintiff claims that defendant's liability for the various violations is established under sections 1681n and 1681o. Section 1681n provides that a "person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer." (*Id.* at p. 15).

3

Section 1681o states that "[a]ny person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer." (*Id.* at p. 16).

In response, defendant acknowledges that it is a furnisher under FCRA and that plaintiff's November and December 2016 letters were direct disputes to defendant under 12 C.F.R. § 1022.41(b) and (c). (Dkt. 23, at p. 1). However, defendant argues that plaintiff's claims under § 1681s-2(a) and (b) fail as a matter of law.

First, § 1681s-2(d) provides that the provisions of subsection (a) are to be enforced exclusively by Federal agencies. (*Id.* at p. 2). Therefore, plaintiff may not recover for any violations of subsection (a), if any occur.

Second, defendant argues that plaintiff's claims under subsection (b) fail because § 1682s-2(b)(1) requires that a furnisher first receive notice of a dispute in accordance with § 1681i(a)(2), which in turn, requires that notice to a furnisher of a credit reporting dispute come from a CRA. (*Id.*). Plaintiff does not state that a CRA provided notice to defendant of a dispute. Therefore, defendant contends that it has no direct liability to plaintiff under subsection (b). (*Id.* at p. 3, citing *Abdrabboh v. Capital One Bank*, 2006 WL 3004084, *10 (E.D. Mich. 2006).

    B.    <u>Defendant's Motion for Summary Judgment (Dkt. 22)</u>

In its motion, defendant again asserts that plaintiff's claims under subsection (a) are barred, as there is no private right of action under that section. (Dkt. 22, at p. 4-5). Defendant relies on *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611 (6 th Cir. 2012). *Boggio* explained when consumers have a private right of action under 15 U.S.C. § 1681s-2.[3] The court made clear that a consumer does not have a private right of action for a violation of § 1681s-2(a). (*Id.* at p. 6). There is a private right of action under subsection (b), but only where the procedural requirements are first met, i.e. where a consumer reporting agency gives notice to the furnisher of a dispute, and not simply with notice from a consumer to the furnisher. (*Id.* at p. 7) (citing *Abdrabboh*, 2006 WL 3004048, at *10). Here, plaintiff does not allege in her complaint or state in her motion that a consumer reporting agency provided notice of a dispute to defendant. Rather, she states that she sent letters of dispute directly to defendant. As such, defendant argues that it is not liable.

In response, plaintiff contends that defendant is liable to any consumer for violations of FCRA. (Dkt. 26, Pg ID 146). First, plaintiff cites 16 C.F.R. § 660.4, which provides guidelines for a furnisher's investigation of a direct dispute to the furnisher. Next, plaintiff appears to acknowledge *Boggio's* pronouncement that a

---

[3] At times in the brief, defendant mistakenly refers to the statute as coming under Title 12, when it in fact is under Title 15.

consumer has a private right of action under subsection (b) where the furnisher received notice of a dispute directly from a CRA. (*Id.* Pg ID 150). However, plaintiff then contends that she does have a right of action to recover actual, statutory, or punitive damages without a "CRA prerequisite" under sections 1681n(a)(1)(A) and (a)(2), and 1681o(a)(1). (*Id.* at Pg ID 151). Plaintiff cites *Beaudry v. TeleCheck Services*, 579 F.3d 702 (6th Cir. 2009), for the proposition that sections 1681n and o provide a private right of action, and that she can recover damages without a showing of consequential damages. (*Id.* at Pg ID 153-54).

In reply, defendant reiterates the arguments brought in both its response to plaintiff's motion and its motion for summary judgment. (Dkt. 27). Again, defendant argues that sections 1681n and o do not provide a private right of action under subsection (a) at all, and provide a right of action under subsection (b) only where the furnisher gets notice of a dispute directly from a CRA. (*Id.* at p. 3-4). Regarding plaintiff's citation to 16 C.F.R. § 660.4, defendant argues that, as with plaintiff's other claims, there is no private right of action under this regulation. (*Id.* at p. 6-8) (citing *Craighead v. Nissan Motor Acceptance*, 2010 WL 5178831 at *5 (E.D.Va. Dec. 14, 2010), *aff'd*, 425 Fed. Appx. 197 (4th Cir. 2011)).

### III. ANALYSIS AND RECOMMENDATIONS

    A.    <u>Standard of Review</u>

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004). In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Thus, if the plaintiff must ultimately prove its case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving

party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

    B.    <u>Analysis</u>

The FCRA sets forth the responsibilities of those who furnish credit information to consumer reporting agencies, such as defendant. [4] While FCRA expressly creates a private right of action to enforce many of its terms, not all of its provisions are subject to suit by the consumer. Consumers may bring suit to recover actual damages, and potentially attorney's fees and costs, from "[a]ny person who is negligent in failing to comply with any requirement imposed ... with respect to any consumer" under the Act. 15 U.S.C. § 1681o. In addition, when a person "willfully fails to comply with any requirement imposed . . . with respect to

---

[4] See defendant's motion for summary judgment, in which defendant concedes that it is a "furnisher." (Dkt. 22, at p. 3).

any consumer," that consumer may seek actual or statutory damages, as well as punitive damages and attorney's fees and costs. 15 U.S.C. § 1681n.

Under § 1681s–2(a), furnishers of credit information, such as defendant, are obligated "to provide accurate information" and are prohibited from "reporting information with actual knowledge of errors" or "after notice and confirmation of errors." 15 U.S.C. § 1681s–2(a)(1)(A) and (B). Pursuant to § 1681s-2(c), however, consumers are precluded "from enforcing the requirement that furnishers, under § 1681s-2(a), initially provide complete and accurate consumer information to a CRA." *Pittman v. Experian Info. Sols., Inc.*, 2018 WL 4016604, at *4 (6th Cir. Aug. 23, 2018) (quoting *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012)). Specifically, § 1681s-2(c) states that "sections 1681n and 1681o of this title do not apply to any violation of subsection (a) of this section." Therefore, plaintiff's claims under subsection (a)—Counts 1, 2, 3[5] of the amended complaint—fail as a matter of law because there is no private right of action.

Under § 1681s–2(b), "[u]pon receiving notice from a credit reporting agency that a consumer disputes the information a furnisher has provided, the furnisher is required to (1) investigate the veracity of the disputed information; (2) review the

---

[5] Plaintiff has two Count 3 claims in her amended complaint. The first is for violation of § 1681s-2(a)(7)(A) and (B) and the other is for violation of subsection (a)(8)(E). (Dkt. 6, at p. 2-3). Plaintiff alternates between using Arabic numerals in her amended complaint and Roman numerals in her briefing. The undersigned has followed the convention of the amended complaint.

information provided by the credit reporting agency; (3) report the results of the investigation; and (4) correct any inaccuracies uncovered by the investigation." *Bach v. First Union Nat. Bank.* 149 Fed. Appx. 354, 358 (6th Cir.2005) (citing 15 U.S.C. § 1681s–2(b)(1)(A)-(D)). Unlike subsection (a), the FCRA does create a private right of action under section 1681s-2(b). *Davis v. PNC Mortg.*, 2014 WL 4801968, at *16 (E.D. Mich. Sept. 23, 2014) ("[Subsection] 1681s–2 limits [the] private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a [credit reporting agency]."). Thus, any right of action under the FCRA against a furnisher of information such as defendant is limited to violations of § 1681 s-2(b). This subsection also governs a furnisher's duties when it receives notice of a dispute regarding information in a credit report. *See Boggio,* 696 F.3d at 615–16. A furnisher's duties under subsection (b) arise only after it "receiv[es] notice pursuant to section 1681i(a)(2)[6] . . . of a dispute

---

[6] Section 1681i(a)(2) provides:

> (A) In general.--Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

> (B) Provision of other information.--The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the

11

with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency[.]" 15 U.S.C. § 1681s–2(b)(1). Thus, to recover under § 1681s–2(b), the plaintiff must show that the furnisher received notice from a credit reporting agency, not the plaintiff, that the credit information is disputed. *Brown v. Wal–Mart Stores, Inc.*, 507 Fed. Appx. 543, 547 (6th Cir.2012); *Downs v. Clayton Homes, Inc.,* 88 Fed. Appx. 851, 853–54 (6th Cir.2004). "In other words, '[a] private litigant can bring a lawsuit to enforce § 1681 s–2(b), but only after reporting the dispute to the [credit reporting agency], which in turn reports it to the furnisher.'" *Davis v. PNC Mortg.*, 2014 WL 4801968, at *16 (quoting *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059–60 (9th Cir.2002)).

In this case, neither party disputes two important facts: (1) plaintiff did not notify any credit reporting agency(ies) of the alleged inaccuracies on her credit report, and (2) defendant did not receive a notice of disputed information from a credit reporting agency. Instead, it is clear that defendant received notice of the disputes directly from plaintiff. These facts are fatal to plaintiff's claims. *See Sandlin v. Citibank, N.A.*, 2018 WL 2370769, at *7-8 (W.D. Tenn. Mar. 26, 2018) (Granting summary judgment in defendant's favor where plaintiff did not allege or

---

> dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

show that a CRA provided notice of disputed credit information to defendant furnisher, and the plaintiff had not provided any evidence of notice or a communication between plaintiff and a CRA); *Best v. W. Point Bank*, 2008 WL 793641, at *2 (W.D. Ky. Mar. 24, 2008) ("Therefore, even if the Bank furnished false or inaccurate information regarding Best's loans to consumer reporting agencies, Best has failed to state a claim for relief under the FCRA and the Bank would be entitled to summary judgment."); *Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. 2004) (affirming summary judgment for defendants under § 1681s-2(b) where the plaintiffs did not allege that they filed a dispute with a credit reporting agency); *In re Small*, 2011 WL 1868839, at *3 (E.D.Ky, May 13, 2011) (granting summary judgment where the furnisher defendant did not receive notice of a dispute from a credit reporting agency). Because plaintiff has not met the procedural prerequisite of subsection (b), her claims under (b)—Count 4, for violations of § 1681s-2(b)(1)(C), (D), and (E)—fail as a matter of law.

As to plaintiff's discussion of 16 C.F.R. § 660.4 in her response brief, while it is not entirely clear whether plaintiff is claiming a violation of this regulation, even if she were the claim fails as a matter of law. Although it appears that no court in this Circuit has discussed this particular regulation, courts elsewhere have considered it and have determined that there is no private right of action under this provision. The court in *Craighead v. Nissan Motor Acceptance Corp.*, 2010 WL

13

5178831, at *5 (E.D. Va. Dec. 14, 2010), *aff'd*, 425 Fed. Appx. 197 (4th Cir. 2011), discussed the provision's reach as follows:

> Plaintiff also alleges violations of 16 CFR § 660.3 and 660.4, both enacted pursuant to 15 U.S.C. § 1681s–2(a)(3) and 15 U.S.C. § 1681s–2(e). 16 C.F.R. part 660 contains regulations enacted by the Federal Trade Commission ("FTC") that establish certain duties on furnishers of credit information after they receive notice of a dispute from a consumer. These new regulations became effective on July 1, 2010, and would perhaps address the scenario in the instant matter. These new regulations, however, do not create a private right of action. By its terms, Part 660 "applies to furnishers of information to consumer reporting agencies that are subject to administrative enforcement of the FCRA by the Federal Trade Commission pursuant to 15 U.S.C. 1681s(a)(1)." 16 C.F.R. § 660.1. Moreover, the regulations were enacted pursuant to 15 U.S.C. § 1681s–2(a)(3) and 15 U.S.C. § 1681s–2(e), both of which are removed from the private enforcement mechanism provided in 15 U.S.C. § 1681n and 15 U.S.C. § 1681o. *See* 15 U.S.C. § 1681s–2(c) ("[S]ections 1681n and 1681o of this title do not apply to any violation of subsection (a) of this section, including any regulations issued thereunder; [or] subsection (e) of this section.") The new FTC regulations contained in 16 C.F.R. 660 do not create a private right of action. Accordingly, Plaintiff's claims under these regulations are dismissed, without prejudice.

*See also Vartanian v. Portfolio Recovery Assocs., LLC*, 2013 WL 877863, at *4 (C.D. Cal. Mar. 7, 2013) ("While furnishers do have a duty to conduct a reasonable investigation of disputed information upon direct notice from a consumer under FCRA's implementing regulations, 16 C.F.R. § 660.4(e), consumers like Vartanian

14

cannot sue for alleged violations of the regulations promulgated under 15 U.S.C. § 1681s–2(a)(8). § 1681s–2(c)(1).");  *Nguyen v. Ridgewood Sav. Bank*, 66 F. Supp. 3d 299, 304 (E.D.N.Y. Dec. 17, 2014).  Thus, there appearing to be no private right of action under the regulation, plaintiff's claim (to the extent she raised any) fails as a matter of law.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment (Dkt. 20) be **DENIED** and that defendant's motion for summary judgment (Dkt. 22) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 7, 2018

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 7, 2018, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel and/or parties of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov